Higinio Segarra Pérez, *alias* Pedro Bocanegra, Petitioner, *v.* Jorge L. Córdova, Judge of the District Court of San Juan, Respondent.

No. 375. Submitted May 20, 1942.—Decided May 23, 1942.

*C. del Toro Fernández* for petitioner.

Mr. Justice Snyder delivered the opinion of the court.

On April 30, 1942 Higinio Segarra Pérez filed a "motion for dismissal" in the District Court of San Juan, alleging that on December 15, 1941, the district attorney ordered his arrest for violation of the statute prohibiting the posession of an unregistered firearm; that a bond of $500.00 was set by the district attorney, which he furnished, thereby effecting his release from custody; that §448 of the Code of Criminal Procedure, 1935 ed., reads in part as follows:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:
"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;"

that 132 days have elapsed since his arrest, but that no information charging the above offense has been filed against him. The motion therefore prayed for the dismissal of "the present case".

On the same date, the district court entered the following order:

"No cause existing in this court against the petitioner, the motion is therefore overruled."

On May 20, 1942 Segarra filed an original petition in this court praying for a writ of mandamus directing the district court to cite the district attorney and Segarra to determine if good cause existed for the failure to file an information against him within 60 days of his arrest, and that if no such cause be shown, the proceedings instituted by the district attorney be dismissed.

We have no doubt that the petitioner is entitled to be heard on his contention. And unless good cause is shown for the delay, the prosecution must be dismissed pursuant to

paragraph 1 of the aforesaid §448 of the Code of Criminal Procedure. Nevertheless, the district court acted properly in denying a "motion for dismissal" of a criminal case of which there was no record in the district court. No case can be initiated by a motion to dismiss. If the petitioner files a petition for mandamus in the district court against the district attorney alleging the above-recited facts, he will be entitled to a decision.

The petition for a writ of mandamus will be denied.